# 14-0912-cv

## United States Court of Appeals

### for the

## Second Circuit

— ◆❘◆ —

MIDOIL USA, LLC,

*Petitioner-Appellant,*

— v. —

ASTRA PROJECT FINANCE PTY LTD.,

*Respondent-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR RESPONDENT-APPELLEE

SWEETBAUM & SWEETBAUM
*Attorneys for Respondent-Appellee*
3000 Marcus Avenue, Suite 3W6
Lake Success, New York 11042
(516) 352-1922

## CORPORATE DISCLOSURE STATEMENT
## PURSUANT TO FED. R. APP. P. 26.1

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, and to enable the Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel of record for Respondent-Appellee, Astra Project Finance PTY LTD., ("Astra Project") hereby submits this corporate disclosure statement. We certify that to the best of our knowledge and belief Astra Project is a privately held company which is owned 75% by Astra Mining PTY LTD and 25% by Astra Industries PTY LTD. Astra Mining PTY LTD is owned by Astra Resources PLC and Astra Industries PTY LTD is owned by Silvana DeCianni and Jaydeep Biswas.

Dated:     Lake Success, New York
           August 5, 2014

                              SWEETBAUM & SWEETBAUM

                              By_____s/_____
                                   Marshall D. Sweetbaum
                              3000 Marcus Avenue, Suite 3W6
                              Lake Success, New York 11042
                              (516)352-1922
                              Fax (516) 354-6923

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES ............................................................. 1

STATEMENT OF THE CASE................................................... 2

SUMMARY OF ARGUMENT ................................................ 8

ARGUMENT

POINT I

    THE ORDER OF THE UNTIED STATES DISTRICT COURT
    INSOFAR AS IT DENIED THE MOTION OF MIDOIL, LLC
    TO AMEND ITS PETITION TO INCLUDE A NEW PARTY
    SHOULD BE AFFIRMED IN ALL RESPECTS ................................... 10

CONCLUSION ............................................................................ 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*American Fuel Corp. v. Utah Energy Development Co., 122 F. 3d 130.*
(2nd Cir.) ................................................................. 16

*Bartle v. Home Owners Cooperative,* 309 NY 103 ................................... 15

*Bensusan Restaurant Corp. v. King,* 126 F. 3d 25
(Court of Appeals, 2nd Circuit) ................................ 14

*Freeman v. Complex Computing Co.,* 119 F3d 1044 (2nd Cir.) 1997 ......... 13

*Hoffritz for Cutlery, Inc. Amajac, Ltd.,* 763 F 2d 55 (2nd Cir.) 1985 ........... 14

*In re Inter County Glass v. Trustees of Local Union 580,*
*2007 U.S. Dist. LEXIS 74680* (District Court) ....................................... 16

*Jones v. New York State Division of Military and Naval Affairs,*
166 F.3d 45 (2nd Cir.) 1998 ........................................................ 10

*McAllister Bros. v. A & S Transportation. Co.,* 621 F. 2d 519
(2nd Cir.) ................................................................. 15

*National Union Fire Insurance Co. v. Belco Petroleum Corp.,*
88 F. 3d 129 (2nd Cir.) ................................................................. 16

*Thompson v. CSF, S.A. v. American Arbitration Assn,* 64 F.3d 773
(2nd Cir.) 1995 ................................................................. 11, 12, 13

*United Steel Workers of America v. Warrior & Gulf Navigation Co.,*
363 US 574, 80 S.Ct. 1347 ....................................................... 11

## STATEMENT OF ISSUES

1.     Q.    Did the District Court properly conclude that there was no basis for the granting of the application by Midoil to amend its original petition for the purpose of adding a new party namely, Astra Resources, to the proceeding on the ground that it would be futile to grant such relief?

    A.    It is the appellee's position that Judge Crotty make a completely correct conclusion with respect to this issue.

2.     Q.    Was the denial by Judge Crotty of Midoil's application to amend its petition to add a new party to the proceeding properly denied on the basis of futility?

    A.    It is the appellee's contention that Judge Crotty's ruling was completely sound, correct and appropriate. There was absolutely no probative evidence submitted to indicate in anyway that Astra Resources was the alter ego of Astra Projects or that there was a separate agreement made by Astra Resources with Midoil or that it completely controlled Astra Project as contended. Indeed, it is Astra Project's contention that Midoil has not even raised sufficient issues for one to speculate on the validly of Midoil's contention since all it showed were mere statements verified by an attorney for Midoil and by a director without any proof to substantiate its claims.

## STATEMENT OF THE CASE

The lawsuit herein grows out of a dispute involving the named parties, Midoil USA the petitioner and Astra Project Finance PTY LTD as the respondent. Midoil is a New Jersey Corporation with its principal place of business in New York City whereas ASTRA Project is an Australian Corporation with its home office in North Adelaide, Australia. In January of 2012 a corporate financing agreement (CFA) between the two companies was executed concerning the operation of a United States based holding company to enable the parties to jointly participate in an investment banking program. [A124] As part of the agreement, Midoil agreed to arrange for banking and financing services in the area of oil trading which Midoil would administer and provide [A120] and Astra Project agreed to provide 100,000,000 shares of the unrestricted common stock of its corporate parent, Astra Resources which was valued at $300,000,000.00. The purpose was to hold that sum of money as collateral for the companies concerning the program they intended to embark upon.

The CFA, *inter alia*, contained an arbitration clause requiring that all disputes between the parties be submitted to arbitration under the auspices of the American Arbitration Association [A130]. Astra Resources, the parent company of Astra Project Finance PTY was not a party to the agreement in issue, it never signed the agreement and is not bound by any of the terms of therein.

2

While the agreement does state that the terms and conditions shall inure to the benefit of and be binding upon the respective parties heirs, executors, administrators, successors, and permitted assigns, and to any corporation, company, or association of which the party is a shareholder, director, or employee and shall include and bind any and all those involved by or on behalf of the parties and their associates and or affiliated companies, as we noted, Astra Resources which is a parent company of the respondent-appellee, Astra Project Finance PTY, LTD. never agreed to any of the terms of the CFA in issue, it was never named as a party and never had any officer or agent sign on behalf of Astra Resources as such. Consequently, it has always been the position of the respondent-appellee that the agreement in issue shall bind only those who are signatories to the agreement and that Astra Resources had no involvement in the CFA in issue and there was absolutely no evidence of any probative nature to indicate that Astra Project Finances PTY had any authority to bind the parent corporation in any respect. Without such probative evidence, Astra Resources could not possibly be bound by any of the terms and conditions set forth in the CFA.

Following the execution of the agreement by the stated parties disputes arose between them including the fact that Astra Resources did not make available or transfer any of its 100,000,000 shares of unrestricted common stock which was valued at $300,000,000 [A125]. Since Astra Resources was never a signatory to

the CFA in issue, and never had any other independent contract with Midoil USA, it refused to be bound by an agreement to which it was not a party and to which it never agreed. While Astra Project Finances PTY, under the agreement was required to transfer the shares noted above to a new company which was to deposit the shares into an account at a security house called UBS which was then supposed to act as a custodian of the shares, it contends that the entire agreement was procured by fraud and deception.

It is Astra Project's contention that Midoil committed outright fraud in inducing Astra projects to enter the CFA and as soon as the fraud was realized, it refused to perform any obligation on its part as set forth in the agreement. In addition, Astra Project contended that service of process was never made in accordance with the Hague convention. Essentially, however, it was and continues to be Astra Project's contention that the arbitration provision in the CFA was void because it was procured by fraud in the execution of the agreement itself.

Once the dispute arose between the named parties herein, Astra Project commenced a lawsuit in the Superior Court of the State of New Jersey alleging breach of contract, defamation, embezzlement, fraud and other causes of action. That lawsuit is still pending in the State of New Jersey. Therefore, Midoil filed a petition in the United States District Court of New Jersey seeking to compel Astra Project to arbitrate the breach of contract claim which provided that the arbitration

was to take place in the City of New York. The District Court in New Jersey dismissed the petition on the grounds that it lacked authority in New Jersey to compel arbitration in New York. It was following the denial of its petition in the United States District Court of New Jersey that Midoil filed this petition in the United States District Court for the Southern District of New York to compel arbitration and to amend its petition to include a non-signatory.

Contrary to the claims made in Midoil's statement of the case contained in its brief to this Court, it never presented any probative evidence of any nature to support its allegation including its contention that Astra Resources exercised complete domination over Astra Project and that two corporations had overlapping directors and personnel and shared office space [A122].

No proof in any evidentiary form was proffered to the United States District Court for the Southern District of New York to substantiate petitioner's conclusory statements. All of its allegations were totally unsupported and were mere statements made by an attorney who essentially has no personal knowledge and by an officer of Midoil, but without any proof. Accordingly, that branch of the motion seeking to amend the petition to include the non-signatory was denied.

Following the denial of its petition in the United States Court for the District of New Jersey, as we have noted herein, Midoil commenced a proceeding in the United States District Court in the Southern District of New York seeking to

5

compel Astra Project to arbitrate all issues in dispute in the State of New York under the auspices of the AAA was denied [A74-82]. In this regard, Midoil brought a petition in the United States District Court for the Southern District of New York to compel arbitration and to amend its original petition which was only to compel arbitration by adding Astra Resources as an additional respondent. The defendant Astra Project thereafter cross moved to stay the arbitration sought by Midoil and to compel judicial review in the United States District Court. Both motions came on before the Honorable Judge Crotty who made the decision and order which is the predicate for the appeal taken herein by Midoil.

Judge Crotty in a ten page decision concluded by granting the application of Midoil to compel arbitration, but denying its motion to amend that part of its petition to include a non-signatory to the agreement as a part of the arbitration clause. Astra Project's cross motion to stay arbitration and to compel judicial review was denied by Judge Crotty. The appeal herein followed and was taken by Midoil for the purpose of determining whether or not the motion to amend the petition to include the non-signatory as an additional party was properly denied by the District Court. It is of course the contention of the petitioner that the application was improperly denied while Astra Project contends that the Court properly denied the motion to amend the petition to add a non-signatory of the agreement with its binding provisions for arbitration [A373-381].

Following the entry of Judge Crotty's order, Midoil instituted the appeal herein. Astra Project did not cross appeal.

## SUMMARY OF ARGUMENT

The petitioner Midoil USA LLC, and Astra Project Finance PTY, LTD, entered into a corporate finance agreement referred to throughout the brief as the CFA. Under the terms of the CFA, both parties were required to submit all disputes to the American Arbitration Association for resolution.

The CFA also provided that the terms and conditions of the contract shall inure to the benefit of and be binding upon the respective parties, heirs, executors administrators and successors and permitted assigns and to any corporation, company or association of which the parties are a shareholder, director or employee and shall bind any and all of those involved. The parent company of Astra Project is a company known as Astra Resources. However, Astra Resources was not a signatory to the CFA agreement and did not enter into any subsequent agreements on its own part with Midoil and never agreed to its terms. It is nevertheless, the contention of Midoil that Astra Resources should be bound while Astra Projects contends that the contract is not binding upon Astra Resources since it is a non-party to the agreement and never agreed to its terms.

Following the execution of the contract Astra Project realized that it was induced to sign the contract by fraud and deception and therefore refused to comply with the terms of the contract. In addition, no shares of Astra Resources were transferred in any way to Midoil or any of its affiliates.

8

Midoil petitioned the District Court to permit it to amend its petition, *inter alia*, to include Astra Resources as an additional party. That portion of Midoil's motion was denied based on the fact that it presented no probative proof of any nature but merely conclusory statements allegedly warranting the addition of Astra Resources as a party and to compel it to be bound by all of the obligations of Astra Project in the CFA agreement. However, the Court did grant so much of Midoil's petition to allow the disputed issues to be submitted to arbitration. The Court also denied Astra Project's cross motion to stay arbitration which motion was based on Astra Project's contention that Midoil's fraud induced it to enter the agreement. Astra Project also asked that the dispute be decided by the Court. That motion was denied and the Court referred all issues to the arbitrator for resolution Astra Project has not cross appealed but it strongly supports so much of Judge Crotty's order that denied Midoil's application to add Astra Resources as a party to the arbitration proceeding.

# **ARGUMENT**

## **POINT I**

### **THE ORDER OF THE UNTIED STATES DISTRICT COURT INSOFAR AS IT DENIED THE MOTION OF MIDOIL, LLC TO AMEND ITS PETITION TO INCLUDE A NEW PARTY SHOULD BE AFFIRMED IN ALL RESPECTS.**

The appellant's argument that the District Court erred in rejecting Midoil's alter ego claim as futile, has no merit. We submit however that the District Court's decision/order and its analysis of the law with respect to appellee's contention is accurate and correct in every respect.

Midoil's motion to file an amended petition to add a new party to the proceeding, namely, Astra Resources, PLC as an additional respondent was not supported by sufficient evidentiary proof. Rather, the proof relied upon consisted only of sworn statements of the attorney and an agent of the petitioner without any basic evidentiary proof to support such motion

The District Court referred to Federal Rule of Civil Procedure 15(a) which, *inter alia*, provides that leave to amend should be freely given. However, the Court ruled that it should nevertheless deny such a motion when the purposed claim would be futile, citing *Jones v. New York State Division of Military and Naval Affairs* 166 F.3d 45, 50 (2nd Cir.) 1998.

Reference is made to the opinion of Judge Crotty contained on pages 372 through 381 of the appendix. Specifically, referring to page 378 of the appendix, the following observations are made:

Judge Crotty notes that the Second Circuit has recognized several different theories under which a non-signatory to an arbitration agreement may be compelled to participate in arbitration and they are set forth as (1) incorporation by reference (2) assumption (3) agency (4) veil piercing alter ego and Judge Crotty cited *Thompson v. CSF, S.A. v. American Arbitration Assn*, 64 F.3d 773, 776 (2nd Cir.) 1995 (A378) as the controlling case on the issues raised. As Judge Crotty has shown, however, the petition failed to comply with the five requirements set forth above. As the Court noted in its opinion, Midoil did not allege that Astra Resources and Midoil share any contractual relationship, that Astra Resources did not execute a separate agreement that incorporated or assumed any of the obligations of the CFA, citing *Thompson v. CSF, S.A. v. American Arbitration Assn*, supra, where this Court made its seminal decision concerning the same issues involved in the present proceeding. First, the District Court noted that the United States Supreme Court has also specifically ruled in *United Steel Workers of America v. Warrior & Gulf Navigation Co.* 363 US 574, 80 S.Ct. 1347, that a party cannot be required to submit to arbitration any dispute to which he has not agreed. In *Thompson v. CSF, S.A. v. American Arbitration Assn*, supra, this Honorable

11

Court specifically stated that a non-signatory may compel arbitration against a party to an arbitration agreement when that party has entered into a separate contractual relationship with a non-signatory incorporating the existing arbitration clause. However, this did not occur in *Thompson* supra, <u>or in the case under review herein</u>. There was no evidence before the District Court to demonstrate that there was any contractual relationship between Midoil and Astra Resources and so the first requirement to compel a non-party to arbitrate was not complied with. The second requirement, namely assumption also failed and Judge Crotty made specific note of that. Further it was held that the Courts should be very wary of imposing a contractual obligation to arbitrate on a non-contracting party. [A379].

With respect to the foregoing, we submit that the appellant failed to demonstrate that there was any assumption by Astra Resources of the agreement between the appellant and Astra Project. The same applies to the theory of agency. Midoil did not demonstrate by any probative evidence that any agency existed between Astra Project and Astra Resources of any nature. With respect to item number 4, the veil piecing alter ego theory, as the District Court noted, in Order to pierce the corporate veil under New York Law a plaintiff must prove that (1) the owner has exercised such control that the corporation has become a mere instrumentally of the owner which is the real actor and such control has been used to commit a fraud or other wrong and the fraud or wrong results in an unjust loss or

12

injury to the plaintiff, citing *Freeman v. Complex Computing Co*. 119 F3d 1044
(2nd Cir.) 1997 [A379].

Continuing with the issue of control by the parent corporation over the
subsidiary cooperation, Judge Crotty noted in his opinion that several factors are
considered such as disregard of corporate formality, inadequate capitalization,
intermingling of funds, overlap in ownership, officers, directors and personnel,
common office space, addresses and telephone numbers of corporate entities, the
degree of discretion showed by the allegedly dominated corporation, whether the
dealings between the entities are at arm's length, whether the corporations are
treated as independent profit centers, whether payment or guarantee of the
corporation's debts by the dominating entity has been carried out and finally, the
intermingling of property between the entities [A380].

Other than similar officers, *none of the foregoing, was demonstrated by the
appellant*, rather the District Court noted that Midoil failed to show that Astra
Project was created solely for the purpose of the specified transaction and this
contention on Midoil's part was not accompanied by any citation in the record
[A380]. Moreover, appellee asserts that no probative proof of any kind was offered
by the appellant in this regard. Further, as Judge Crotty noted, in *Thompson*, supra,
even where the parent corporation merges its subsidiary into its own organizational
and decision making structure it does not amount to an abandonment of the

13

corporate structure and that the failure of the appellant to comply with the relevant factors establishing the alter ego theory in this case to show that Astra Project was an alter ego of Astra Resources doomed its argument and its motion to amend [A380]. For that reason Midoil must arbitrate only with the party which was an actual signatory to the agreement in issue namely the appellee herein [A381].

The District Court also properly applied New York Law to the foregoing issues. The existence of a contract is a question of fact but a question of whether an undisputed state of facts is not only one of law for the Court, but should also be decided by the law of the state where the contract was executed and to be performed. See *Bensusan Restaurant Corp. v. King,* 126 F. 3d 25 (Court of Appeals, 2nd Circuit).

In a diversity action such as the one involved herein, as shown above contractual law should be decided by the law of the forum in which the Civil Court sits. See *Hoffritz for Cutlery, Inc. Amajac, Ltd.*, 763 F 2d 55 (2nd Cir.) 1985. It is New York Law that must apply and in order to pierce the corporate veil the plaintiff must prove that the owner exercise such control that the corporation has become a mere instrumentality of the owner, the primary actor. This was never established.

Under New York Law where a corporation is so organized related or controlled by another corporation to be its mere alter ego, piercing the corporate

veil is permitted. However, unless it shown that the one corporation is controlled by the other to the extent that it is actually the alter ego of the other, the piecing of the corporate veil will not be permitted. The determination must be not only of the finances of both corporations, but of the policy and business practice to the extent that the corporation which made the contract in question has no separate will of its own. See *Bartle v. Home Owners Cooperative,* 309 NY 103. Midoil in its presentation to the District Court below did not even remotely demonstrate any such evidence but presented nothing more than mere conclusory statements by the lawyer and one of the cooperate officers of the plaintiff. Consequently, the District Court below had no alternative but to deny the motion to amend which was made solely for the purpose of adding the appellee's affiliated corporation to the action. Clearly, there was absolutely no probative evidence presented to the District Court to demonstrate that Astra Resources exercised any sufficient control over Astra Project finance PTY LTD.

In support of the appellant's argument, the case of *McAllister Bros. v. A & S Transportation. Co*., 621 F. 2d 519 (2nd Cir.) is cited. However, a perusal of that case shows that it does not stand for the proposition urged by appellant. Rather, *McAllister Brothers Inc. v. A & S Transportation. Co.,* supra, dealt solely with the issue of whether a contract termination is provided and that while a Court must examine the potential scope of the agreement to arbitrate, appellant's case did not

15

in any way deal with the issue of piercing the cooperate veil in order to establish in anyway why Astra Resources, a nonparty should be added to the arbitration procedure.

Another case relied upon by appellant in its brief is in *In re Inter County Glass v. Trustees of Local Union 580, 2007 U.S. Dist. LEXIS 74680* (District Court). However, we submit that *Inter County Glass Inc.* supra, also has no relevance to the case now under review. The ruling in *Inter County Glass Inc.,* supra, involved the question of whether or not a corporation's conduct manifested an intent to adopt or agree to an unsigned agreement. Clearly, no intent was shown that Astra Resources adapted or agreed to the contract signed by Astra Project. There was absolutely no evidence to indicate the same and the conclusory statements made by the attorney and one of the officers of Midoil USA is of no probative value whatsoever. On the other hand appellant also cites the case of *American Fuel Corp. v. Utah Energy Development Co., 122 F. 3d 130.* (2nd Cir.), where this Court reversed the District Court with respect to the appellee's contention that the terms of the contract therein demonstrated fraudulent or wrongful conduct that called for piercing the corporate veil and where this Court concluded that the respondent energy company was not bound to arbitrate. The issues raised by the appellant in its brief herein should be determined by the arbitrator as it contended originally. See *National Union Fire Insurance Co. v.*

*Belco Petroleum Corp.,* 88 F. 3d 129 (2nd Cir.). Judge Crotty also noted in his opinion that the appellant did not allege that Astra Resources and Midoil shared any factual relationship, that Astra Resources did not execute a separate agreement that incorporated or assumed any of the obligations of the CFA and never expressed its consent to be bound by the CFA [A379]. We agree. The proof before the District Court below was not of any probative evidence to demonstrate why a non-signatory to the contract in issue should be added to the proceeding and forced to arbitrate the issues raised by the appellant, and that appellant's arguments do not rise to establish a bonafide veil piercing situation. Rather, appellant's arguments, though forcefully made, simply have no merit. There was no probative evidence proffered by Appellant to enable the Court to add Astra Resources to the claim and to compel it to arbitrate an agreement it never made.

## <u>CONCLUSION</u>

**THE ORDER OF THE DISTRICT COURT SHOULD BE AFFIRMED IN ALL RESPECTS.**

Respectfully submitted,

**SWEETBAUM & SWEETBAUM**
Attorney for Appellee

By_____s/_____
          Marshall D. Sweetbaum
3000 Marcus Avenue, Suite 3W6
Lake Success, New York 11042
(5160 352-1922